## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TODD REED,

      Plaintiff,

v.                                     No. 1:23-cv-00589-LF

NEW MEXICO SPORTS AND WELLNESS,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
### ORDER TO FILE A SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 13, 2023, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 8, filed August 4, 2023, and Plaintiff's Amended Complaint, Doc. 7, filed August 4, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and his spouse's combined average monthly income during the past 12 months is $3,335.00; (ii) their combined monthly expenses total $3,689.00; and (iii) Plaintiff and his spouse have $0.00 in cash, $371.00 in checking and savings accounts and $15,094.88 in a retirement account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, and because his and his spouse's combined monthly expenses exceed their monthly income.

Plaintiff initially filed a Short Form Application which does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees.  *See* Order for Amended Complaint, Doc. 6, filed July 14, 2023 (ordering Plaintiff to file a Long Form Application).  Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Order for Second Amended Complaint**

The Court has an affirmative duty to ensure that this case "is resolved not only fairly, but also without undue cost or delay."  Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.  Plaintiff shares that responsibility.  *See* Guide for Pro Se Litigants at 4, United States

District Court, District of New Mexico (October 2022) ("Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The 39-page Amended Complaint, which contains 245 paragraphs and has a four-page affidavit attached, is not a "short and plain statement" under Rule 8.  The Amended Complaint asserts three claims against one Defendant: (i) discrimination pursuant to the Americans with Disabilities Act ("ADA"); (ii) retaliation pursuant to the ADA; and (iii) negligence.  Many of the allegations are not necessary to state those three claims and will cause Defendant and the Court to needlessly expend valuable resources.  The Court orders Plaintiff to file an amended complaint which does not exceed 25 pages.

Plaintiff did not sign his Amended Complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure.  *See* Amended Complaint at 40.  Plaintiff must sign his second amended complaint.

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file a second amended complaint.  The Court will order service if Plaintiff files: (i) a second amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which includes each Defendants address.

**Notice**

The Court notified Plaintiff that his original Complaint, which also was 39-pages with a four-page affidavit attached, contained many allegations that are not necessary to state a claim and that Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint set out a short, plain statement of the claims showing that the pleader is entitled to relief.  *See* Order for Amended Complaint at 2, Doc. 6, filed July 14, 2023.  Plaintiff's Amended Complaint does not conform to Rule 8(a) as directed by the Court's Order for Amended Complaint.

The Court previously notified Plaintiff that *pro se* litigants are generally held to the same standards of professional responsibility as trained attorneys and that it is a *pro se* litigant's responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico.  *See* Order for Amended Complaint at 3-4 (reminding Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure).

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may interfere with the judicial process and may result in monetary and non-monetary sanctions including dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 8, filed August 2, 2023, is **GRANTED.**

(ii)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 13, 2023, is **DENIED as moot.**

(iii)    Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint.   Failure to timely file a second amended complaint may result in dismissal of this case.

_____

**UNITED STATES MAGISTRATE JUDGE**