IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD REED,

    Plaintiff,

v.                                                                                No. 1:23-cv-00589-LF

NEW MEXICO SPORTS AND WELLNESS,

    Defendant.

## ORDER TO SHOW CAUSE AND<br>TO FILE A THIRD AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, filed a 39-page Complaint with a four-page Affidavit in Support of Complaint. *See* Complaint, Doc. 1, filed July 13, 2023. After notifying Plaintiff that the Complaint contains many allegations that are not necessary to state a claim, the Court ordered Plaintiff to file an amended complaint. *See* Doc. 6 at 4, filed July 14, 2023.

After Plaintiff filed an Amended Complaint, Doc. 7, filed August 4, 2023, the Court notified Plaintiff that:

(i)     The 39-page Amended Complaint, which contains 245 paragraphs and has a four-page affidavit attached, is not a "short and plain statement" under Rule 8;

(ii)     The Court has an affirmative duty to ensure that this case is resolved not only fairly, but also without undue cost or delay and that Plaintiff shares that responsibility;

(iii)     Many of the allegations in the Amended Complaint are not necessary to a claim and will cause Defendant and the Court to needlessly expend valuable resources; and

(iii) Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may interfere with the judicial process and may result in monetary and non-monetary sanctions including dismissal of this case.

*See* Doc. 9, filed August 9, 2023. The Court ordered Plaintiff to file another amended complaint which does not exceed 25 pages.

Plaintiff filed a 40-page Second Amended Complaint containing 245 paragraphs with a four-page affidavit attached. *See* Doc. 10, filed August 31, 2023. Plaintiff did not object to the Court's Order to file another amended complaint not exceeding 25 pages and did not file a motion seeking leave to file a second amended complaint exceeding 25 pages. Several of the allegations in the Second Amended Complaint are not necessary to state a claim. *See, for example,* Second Amended Complaint ¶¶ 8-12, 44-5, 55-56, 58-59, 66-68, 81, 83-84, 109-110, 116, 136, 145-146, 148, 152-155, 158-159, 161-162, 164, 207-216 (stating legal standards or making arguments).

**Notice regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions, dismissal of this case and imprisonment. *See* Fed. R. Civ. P. 11(c); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command").

IT IS ORDERED that, within 14 days of entry of this Order, Plaintiff shall: (i) show cause why the Court should not dismiss this case for Plaintiff's failure to file a second amended complaint not exceeding 25 pages; and (ii) file a third amended complaint not exceeding 25 pages. Failure to timely show cause and to file a third amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE